RALPH DENNEAU v. INDIANA & MICHIGAN ELECTRIC COMPANY.

[No. 1069A173. Filed December 30, 1971. Rehearing denied February 17, 1972. Transfer denied July 17, 1972.]

*Smith and Jones,* of Indianapolis, *Gates, Gates and Mc-Nagny,* of Columbia City, for appellant.

*Hunt, Suedhoff, Borror and Eilbacher,* of Fort Wayne, for appellee.

STATON, J.—Ralph M. Denneau is appealing from a jury verdict which found against him on his complaint for damages. He was rising in a "bucket" connected to a boom used to clean street lighting fixtures when the "bucket" struck a seventy-two hundred (7200) volt power line. Severe electrical burns covered most of his body. Ralph M. Denneau was an employee of the N. G. Gilbert Company. He filed an action for damages against Indiana and Michigan Electric Company.

N. G. Gilbert Company had a contract with Indiana and Michigan Electric Company which provided that N. G. Gilbert

was to change light bulbs and clean globes on street lighting equipment in Ossian, Indiana. A truck equipped with a boom was used to raise the "bucket" into the air and up to the street lighting equipment. Controls within the "bucket" enabled Ralph M. Denneau to raise and lower the "bucket" when in close proximity to the street lighting equipment. On May 21, 1965, Ralph M. Denneau was lifting himself in the "bucket" up to a light fixture at pole No. 531 so that he could clean the globe. The "bucket" came into contact with a seventy-two hundred (7200) volt power line. Ralph M. Deanneau suffered severe burns over most of his body. He brought an action for damages against Indiana and Michigan Electric Company. The jury's verdict was for Indiana and Michigan Electric Company. Ralph M. Denneau appeals.

Ralph M. Denneau contends that the court erred in refusing to give his Instruction Number Five (5). His Instruction Number Five (5) was:

> "With respect to the high voltage transmission line located near pole number 106-531, Indiana and Michigan Electric Company was under a duty to provided Ralph Denneau with a reasonably safe place in which to perform his work. If you find from a preponderance of the evidence that Indiana and Michigan Electric Company failed to provide Ralph Denneau with a reasonably safe place to work and if you further find that as a proximate result of this failure Ralph Denneau was injured then you are warranted in finding that Indiana and Michigan Electric Company was negligent."

Ralph M. Denneau contends that this instruction would have placed before the jury the non-delegable duty of providing him with a safe place to work. To support this contention, the appellant relies on *Stevens* v. *United Gas and Electric Co.* (1905), 73 N. H. 159, 60 A. 848; *Hoosier Cardinal Corp.* v. *Brizius* (1964), 136 Ind. App. 363, 199 N. E. 2d 481. In *Stevens, supra,* 60 A. at 853, the court stated:

> "[T]he servant of the contractor must be deemed to be upon the premises of the proprietor by his invitation, express or implied; and therefore he owes him the same duty of guard-

ing him against the consequences of hidden dangers on the premises that a proprietor would in any case owe to a guest, a customer, or other person coming by invitation upon his premises."

Evidence was produced which would warrant the giving of an instruction conveying this principle of law. We find that Final Instruction Number thirteen (13) substantially covers the general rule of law urged by Denneau and as stated in *Stevens, supra,* and in *Hoosier Cardinal Corp., supra.* Final Instruction number thirteen (13) is as follows:

"Where a public utility could have reasonably anticipated that an employee of a contractor of the public utility might come into contact with a dangerous instrumentality maintained by the public utility, and such contact is reasonably sure to inflict serious injury, the public utility should take whatever steps are reasonably necessary to prevent injury to any such employee who is likely to come into contact with the dangerous instrumentality."

The court's Final Instruction number thirteen (13) is an exact copy of Ralph M. Denneau's Tendered Instruction Number Four (4). The trial court has no duty to repeat instructions with similar meanings. The error, if any, is harmless. *Trent* v. *Rodgers* (1952), 123 Ind. App. 139, 104 N. E. 2d 759.

The second error urged by Ralph M. Denneau is the refusal to give his Tendered Instructions Numbers six (6) and eight (8). They are:

### Instruction Number Six

"I instruct you that electricity is an imminently dangerous instrumentality which places upon a public utility dealing with it a nondelegable duty to see that reasonable means are taken to protect those who come in contact with it. By this I mean, that Indiana and Michigan Electric Company would be chargeable with any negligence on the part of the N. G. Gilbert Company in failing to employ and use suitable equipment in the operation of its business, in failing to properly instruct its new employees as to the dangers from electricity, or in failing to give warning to its employees of dangerous conditions known by it to exist."

### Instruction Number Eight

"I instruct you that Indiana & Michigan Electric Company was under a duty to Ralph M. Denneau to exercise reasonable care so as to avoid injury to Ralph M. Denneau. Indiana & Michigan Electric Company cannot escape or avoid this duty by delegating it to a third party.

Therefore, if you find from a preponderance of the evidence that Indiana & Michigan Electric Company delegated its duty to exercise reasonable care to avoid injury to Ralph M. Denneau to a third party, I instruct you that the delegation of this duty does not relieve Indiana & Michigan Electric Company from its responsibility of reasonable care to Ralph M. Denneau."

Ralph M. Denneau complains in his brief that: "By refusing to give either one of said instructions, the court literally took the 'heart' out of the appellant's case and practically directed a verdict against him." We agree with this sentiment and assessment. We do not agree that the trial court's refusal of Instructions Numbers Six and Eight was error.

The English incipiency of the non-delegable duty doctrine has permeated many state jurisdictions within the United States. It has permeated the jurisdiction of Indiana. *Bower* v. *Peate* (1876), L. R. Q. B. D.; 18 A. L. R. 801; 31 A. L. R. 2d 1379; 44 A. L. R. 932; 23 A. L. R. 1016; 23 A. L. R. 1084; *Stewart* v. *Huff* (1938), 105 Ind. App. 447, 14 N. E. 2d 322; *Looney* v. *Prest-O-Lite Co.* (1917), 65 Ind. App. 617, 117 N. E. 678; *Deep Vein Coal Co.* v. *Rainey* (1916), 62 Ind. App. 608, 112 N. E. 392.

Indiana and Michigan Electric Company entered into a contract with N. G. Gilbert Company to change the light bulbs and clean the globes on street lights in Ossian, Indiana. The non-delegability of this work assignment depends upon two considerations. First, is it foreseeable from the very nature of the work that it will be inherently dangerous? Secondly, is it foreseeable from the very nature of the work to be performed that a high degree of danger and exposure to injury will be present even when reasonable pre-

cautionary measures are taken? We are not concerned with the non-delegable duty to provide a safe place to work as we were in our discussion of error one. Instrumentalities used in performing the work and the physical location of the work were considered then. Now, the nature of the work and the work to be performed are primary considerations. *Looney* v. *Prest-O-Lite Co., supra;* See also 23 A. L. R. 1085-1110. Ralph M. Denneau relies heavily upon *Stewart* v. *Huff, supra,* and *Pierce* v. *United States,* 142 F. Supp. 721 (Eastern Dist. Tenn. 1955). There are five (5) exceptions to the general rule that a contractee is not liable to an independent contractor's servants for injuries:

(1) where the contract requires the performance of work intrinsically dangerous;
(2) where a party is by law or contract charged with the specific duty;
(3) where the act will create a nuisance;
(4) where the act to be performed will probably cause injury to others unless due precaution is taken to avoid harm;
(5) where the act to be performed is illegal.

Only exceptions one and four are to be considered in the following discussion. Ralph M. Denneau has conceded that these are the only two applicable exceptions.

Exception Number One: Is the nature of changing light bulbs and cleaning the globes on street lighting fixtures inherently dangerous? Our examination of the record reveals that even the evidence most favorable to the appellant, Ralph M. Denneau, reinforces the inference that if proper precautions were taken there would be little risk of injury. Therefore, evidence was not offered which would raise a reasonable inference that Ralph M. Denneau was engaged in an inherently dangerous pursuit of employment. See 23 A. L. R. 1085-1110.

Ralph M. Denneau's interpretation of exception number four is that the employer owes a non-delegable duty to the

servants of the independent contractor if he has engaged the servant in work which will, in the natural course of events, produce injuries, unless proper precautions are taken. In support of this interpretation he relies on *Pierce* v. *United States, supra.* Exception Number Four (4) has one very important limitation to its application. The nature of the performance of the work assigned to the servant which has caused the injury must be foreseeable by the contractee *at the time of making the contract.* (Our emphasis.) *Scott Construction Co.* v. *Cobb* (1928), 86 Ind. App. 699, 707, 159 N. E. 763; See also 23 A. L. R. 1016.

Foreseeability is an essential element in exceptions one and four. This element is missing in both Instructions Numbers Six (6) and Eight (8). Therefore, these Instructions contain incorrect statements of the law. The trial court did not commit reversible error by refusing them.

The third error urged by Ralph M. Denneau is that the court erred in giving Indiana and Michigan Electric Company's Instruction Number Thirteen (13), which is as follows:

"If you find by a preponderance of the evidence that the negligence of some other person not a party to this lawsuit, was the sole proximate cause of the accident in question and injury to the plaintiff, then you are instructed that plaintiff cannot recover from the defendant Indiana & Michigan Electric Company."

The objection to this instruction is that it: "* * * overlooks the law of non-delegable duty." In our discussion of the second error, refusing to give Instruction Number Six (6) and Instruction Number Eight (8), we found a void in the record of any evidence which establishes the non-delegable duty referred to in this objection. At the time of entering into the contract to perform the work, there is no evidence that Indiana and Michigan Electric Company could foresee that N. G. Gilbert Company would not exercise the proper precautions to

avoid injury to its servants. N. G. Gilbert Company is obviously the third party to which this instruction refers.

No control over the conduct of the work to be performed was exercised by the Indiana and Michigan Electric Company after executing the contract. Showing some control over the work to be done may have excluded the instruction. We find no showing of control. *Marion Shoe Co.* v. *Eppley* (1914), 181 Ind. 219, 104 N. E. 65; *Reilly* v. *Chicago & N. W. R. R. Co.* (1904), 122 Iowa 525, 98 N. W. 464; *Callan* v. *Pugh* (1900), 54 App. Div. 545, 66 N. Y. Supp. 1118; 44 A. L. R. 950.

The trial court did not commit reversible error by giving Indiana and Michigan Electric Company's Instruction Number Thirteen (13).

Errors Numbers Four (4) and Five (5) will be considered together since they both involve the application of IC 1971, 22-11-4-4; Ind. Ann. Stat. § 20-304 (Burns 1964). [Dangerous Occupation Act.]

Ralph M. Denneau contends that Instruction Number Two (2), tendered by the Indiana and Michigan Electric Company, was improperly given. This instruction reads as follows:

"You are instructed that there is no duty under the law upon the defendant to insulate the wires in question with any type of insulating coating or cover provided said wires were safely isolated."

A part of Ralph M. Denneau's objection to this instruction is:

"The instruction does not say which wires are being referred to. From the evidence it is clear that a number of the defendant's wires were so placed that they were not isolated from the area in which the defendant could reasonably anticipate the plaintiff or some employee of the N. G. Gilbert Company would be working."

If the dangerous occupation act does apply, Error Number Five (5) urged by Ralph M. Denneau would also be error. In this portion of his argument, Ralph M. Denneau contends that

it was error to refuse his Instruction Number Twelve (12), which reads as follows:

"There was in force a Statute of the State of Indiana which provided in part:

'Burns Annotated Statute 20-304. 'It is hereby made the duty of all owners . . . corporations, agents, or persons whatsoever engaged in the transmission, generation or use of any electricity or other power . . . or in the manufacture, to see and to require that all . . . wires . . . all contrivances and everything whatsoever used therein are carefully selected, inspected and tested, so as to detect and exclude defects and dangerous conditions . . . and that in the transmission and use of electricity of a dangerous voltage, full and complete insulation shall be provided at all points where the public or any employees of the owner, contractor or subcontractor transmitting or using said electricity are liable to come into contact with the wire or wires . . . and the arms or supports bearing live wires are especially designated and distinguished by a color or other designation which is instantly apparent and that live electrical wires carrying a dangerous voltage are strung at such distance from the poles or supports as to permit repair men to freely engage in and work without danger of shock; and, generally it shall be the duty of all owners . . . and all other persons having charge of, or responsible for, and work. . . . or business of whatsoever nature involving risk or danger to employees, or to the public, to use every device, care and precaution which it is practicable and possible to use for the protection and safety of life, limb and health, limited only by the necessity for preserving a reasonable efficiency of such structure, ways . . . appliances, apparatus, or other devices or materials without regard to additional cost of suitable materials or safety appliances, or safe conditions or operations, the first concern being safety to life, limb and health.

If you find from a preponderance of the evidence that the defendant, I & M Electric Company violated the Statute on the occasion in question and that the violation was without excuse or justification, such conduct would constitute negligence on the part of the defendant.

I further instruct you that if you find that the defendant was guilty of negligence in violation of the above Statute without reasonable cause or excuse, and that the negligence of the defendant in this respect was a proximate cause of

the plaintiff's injuries, then the plaintiff, Ralph Denneau could not be guilty of having assumed the risk of the defendant's violation of the above Statute."

In *Jakob* v. *Gary Railways, Inc.* (1947), 118 Ind. App. 13, 16, 70 N. E. 2d 753, this court said:

"The word 'public,' as used in the statute, means the general public—a great multitude of persons who would, in the course of daily events, be exposed to danger by the presence of an uninsulated wire carrying a dangerous voltage of electricity. The word has no reference to an individual whose particular employment requires him to work in the proximity of a live wire with which there would be no likelihood of his coming in contact *except for such employment.* The exposure must be common to the concourse of people who make up the general public in any locality."

No error was committed by the trial court. IC 1971, 22-11-4-4; Ind. Ann. Stat. § 20-304 (Burns 1964) is inapplicable.[1] See also *Northern Indiana Public Service Co.* v. *Howard* (1957), 127 Ind. App. 488, 494, 139 N. E. 2d 558; and *Capitol Airways, Inc.* v. *Indianapolis Power & Light Co.* (1939), 215 Ind. 462, 18 N. E. 2d 776.

Ralph M. Denneau further urges that even if said statute does not apply, the instruction is still erroneous for these reasons:

1. The instruction is contrary to the evidence because there was a duty incumbent upon the electric company to guard against contact which could reasonably be anticipated.
2. It is a negative instruction and gives the impression the wires were safely insulated.
3. The term "isolated" should have been defined by another instruction.

---

1. Although IC 1971, 22-11-4-4; Ind. Ann. Stat. § 20-304 was in effect when this case was tried, it has since been repealed by the Acts of 1971. For present law on this point see IC 1971, 22-8-1.1-1 *et. seq.;* Ind. Ann. Stat. § 40-1020—40-1068 (Burns 1965).

Reason one above goes to the question of providing a safe place to work and the jury was instructed on this subject matter. There is nothing in the instruction which relieves the Indiana and Michigan Electric Company of this duty. The second and third reasons above are founded upon sematic shadings and verbal nicities which this court will not invoke to reverse unless it is apparent that the jury was mislead. *Mishler v. Chicago, South Bend & Northern Indiana Railroad Co.* (1919), 188 Ind. 189, 122 N. E. 657; *Hendrix v. Harbelis* (1967), 248 Ind. 619, 230 N. E. 2d 315; *Perry v. Goss* (1970), 253 Ind. 603, 255 N. E. 2d 923, 20 Ind. Dec. 433.

Will isolation compensate for noninsulation of power lines? We hold that the trial court's conclusion is correct. *Capitol Airways, Inc., supra.* There must be no evidence on the issue of isolation for the instruction to be erroneous. There is evidence that the Indiana and Michigan Electric Company had violated no safety standards and had adequately spaced the wires. Further evidence was presented that the industry, as a whole, did not insulate wires of this voltage. Competent evidence was presented to justify the giving of the instruction. Therefore, we find no error.

We have carefully examined Errors Six (6), Seven (7), Eight (8) and Nine (9) urged by Ralph M. Denneau. We find no reversible error in any of them. Therefore, "* * * we will not extend this opinion by a discussion of these several contentions in detail, as no good purpose would be served thereby. * * *" *Ranier v. Stephanoff* (1924), 81 Ind. App. 166, 141 N. E. 523.

The judgment of the trial court should be and the same hereby is affirmed.

Hoffman, C. J., White, and Sharp, JJ., concur.

NOTE.—Reported in 277 N. E. 2d 8.