**James VEST and Beverly Ann Vest, Appellants,**

v.

**NATIONAL LEAD COMPANY, Appellee.**

No. 72–1055.

United States Court of Appeals, Eighth Circuit.

Submitted Nov. 17, 1972.

Decided Nov. 22, 1972.

Elmer C. Oberhellmann, St. Louis, Mo., filed appendix and brief for appellants.

William Wallace Evans, St. Louis, Mo., filed brief for appellee.

Before MATTHES, Chief Judge, ROSS, Circuit Judge, and VAN PELT, Senior District Judge.*

MATTHES, Chief Judge.

At issue for determination is the question whether National Lead Company, appellee, is liable for injuries sustained by James Vest, one of the appellants, who was an employee of an independent contractor engaged in reroofing a building owned by National. The district court ruled that, on the facts developed by the plaintiffs' evidence, National was not liable. We reach the same conclusion and affirm.

A brief resume of the undisputed facts will demonstrate the basis for our decision.

The roof on a multiple story building owned by National had deteriorated beyond repair and a determination was made to replace the concrete slabs of the old roof with new slabs. The Bartch

* Sitting by designation.

Contracting Company, owned by Ralph Bartch, was awarded the contract to replace the old roof. Bartch not only inspected the old roof in detail, but was informed by employees of National that it was in a dangerous condition because the concrete slabs sagged. Appellant James Vest was an employee of Bartch. He received no instruction or direction from National in connection with the roofing project. The methods and details of removing the old slabs were exclusively in the hands of Bartch. While Vest and other employees of Bartch were in the process of removing the deteriorated roofing, one of the slabs on which Vest was standing broke and he fell through the opening and sustained injuries.

In this action, Vest seeks to recover damages resulting from his injuries and his wife, Beverly Ann, seeks reimbursement for loss of consortium and deprivation of services, society, association and companionship of her husband.

At the close of plaintiffs' evidence the district court granted National's motion for a directed verdict and entered judgment dismissing the action. This appeal followed.

■ Missouri recognizes that the owner of the premises is liable to an independent contractor and his employees performing work on those premises for injuries arising from defects known to the owner but unknown to the contractor and his injured employee. But Missouri also recognizes the well-settled exception to the foregoing rule, which is that the owner is not liable to an injured contractor or employee on the ground that he furnished him an unsafe place to work where the injury occurred because of the conditions the employee was correcting or repairing under a contract. Hammond v. City of El Dorado Springs, 362 Mo. 530, 242 S.W.2d 479, 485, 31 A.L.R.2d 1367 (1951). *Hammond* appears to be one of the leading cases on this exception as shown by the annotation appearing at 31 A.L.R.2d 1379, 1381, 1399. See also 41 Am.Jur.2d Independent Contractors, § 28 at 785–86; 2 Shearman and Redfield on Negligence, § 275, at 683–84.

■ This case clearly falls within this exception. Concededly, James Vest was an employee of Bartch, who had entered into a contract with National to reroof the building including, of course, the removal of the defective slabs. Bartch had actual knowledge of the deteriorated condition of the old roof and the dangers inherent in removing the slabs. No one associated with or employed by National had given any directions or instructions to Vest relative to performing the task of removing the old roof, and National was under no duty to warn Vest of the dangers attending removal of the defective slabs.

" 'Warning to the superiors in employment of a person [Bartch] is warning to that person [Vest], the employment relation permitting a reasonable assumption that such notice will be communicated in the ordinary course to all employees . . .' This rule is based upon the principle that an employer [Bartch] has an affirmative duty to warn and instruct his employees concerning the dangers of their work."

Hunt v. Laclede Gas Co., 406 S.W.2d 33, 38 (Sup.Ct. Mo.1966) (citations omitted). Thus, National was not guilty of any actionable negligence and the District Court properly decided that appellants were not entitled to recover in this case.

Affirmed.