Bruce **THOMPSON**, Appellant (Plaintiff Below),

v.

**PUBLIC SERVICE COMPANY OF INDIANA, INC., Gill Township Levee Association,** Appellee (Defendants Below).

No. 1–1285A312.

Court of Appeals of Indiana, First District.

Nov. 12, 1986.

Rehearing Denied Dec. 22, 1986.

Gerald H. McGlone, Terre Haute, William W. Schooley, Granite City, Ill., Fritz D. Modesitt, Brazil, for appellant.

B. Curtis Wilkinson, John Christopher Wall, Patrick, Wilkinson, Goeller & Modesitt, Terre Haute, Gregory Troxell, Plainfield, Robert L. Gowdy, Benjamin G. Cox, Cox, Zwerner, Gambill & Sullivan, Terre Haute, for appellee.

ROBERTSON, Presiding Judge.

Appellant-plaintiff Bruce Thompson (Thompson) appeals the granting of summary judgment in favor of appellees-defendants Public Service Company and Gill Township Levee Association (GTLA).

We affirm.

The facts material to the issues in this appeal are not in dispute. Late on the night of March 27, 1981, Thompson was running his dog on a raccoon in an open area adjacent to a roadway in Sullivan County, when the raccoon ran up a wood utility pole. This was the first time Thompson had "treed" an animal on a utility pole. Using steel pole climbers, Thompson climbed the pole to a height of twelve to fifteen feet above the ground. At this point, Thompson remained well away from the charged electrical wire about 15 feet above him.

Thompson began squalling at the raccoon and slapping the pole in an effort to get the raccoon to jump off the pole. Thompson testified that the glass insulator on which the raccoon was perched at the top of the pole was slippery, and the raccoon was sliding around on it. The raccoon then began running back and forth on the cross arms at the top of the pole. Thompson was unaware that a bare, uninsulated copper wire ran down the entire length of the pole and into the ground.

When Thompson next recalled, he was lying at the foot of the pole, his dog asleep against him. Thompson had suffered severe burns on his forearms, hands, and genitals, necessitating their amputation. The raccoon, which had been burned, was found dead nearby.

Gerald Driefke, an electrical engineer who was Thompson's witness, opined that Thompson had been electrocuted when he came into contact with the bare ground wire on the pole, which became energized when the raccoon became a conductor between the lightning arrester at the top of the pole and one of the energized overhead wires.

Thompson testified he knew that the charged overhead wires were dangerous and he should avoid touching them. He had heard of people chasing animals off utility poles without becoming injured. At the time of the accident, Thompson was forty years old, was married and had grown children. He had not had any special training or education in electricity.

GTLA owns and maintains the utility pole on which Thompson was injured, as well as the electric transmission lines. Public Service supplied electricity to GTLA, which operates pumping stations in the area.[1] The pole does not contain any rungs or steps for climbing. Neither defendant

---

1. Public Service's negligence is predicated on its undertaking to inspect the transmission lines in the past, and its concomitant failure to recommend design changes and withhold electricity to GTLA until changes were implemented. There is some dispute regarding whether Public Service had inspected the power lines merely for the limited purpose of maintenance and repair; however, that fact is not material to the issue here of Thompson's contributory negligence.

gave Thompson permission to climb the pole.

Thompson brought suit against Public Service and GTLA, on the theory that the defendants were negligent in failing to safeguard the public against foreseeable injury from contact with the ground wire and in failing to warn persons of the dangers inherent in the lightning arrester system on that pole.

Public Service and GTLA filed motions for summary judgment, and the trial court granted the motions.

ISSUES

I. Was Thompson contributorily negligent as a matter of law?

II. Was Thompson's contributory negligence the proximate cause of his injuries?

DISCUSSION AND DECISION

Summary judgment is a procedure for applying the law to facts when no factual controversey exists. *Poxon v. G.M. Acceptance Corp.*, (1980) Ind.App., 407 N.E.2d 1181, 1183. The trial court should grant summary judgment only where "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits and testimony, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Indiana Rules of Trial Procedure, Trial Rule 56(C). On appeal, this court applies the same standard of review as does the trial court. *Matter of Estate of Belanger*, (1982) Ind.App., 433 N.E.2d 39, 42, *trans. denied; Richardson v. Citizens Gas and Coke Utility*, (1981) Ind.App., 422 N.E.2d 704, 710. We look to determine whether any genuine issue of material fact exists and whether the law was correctly applied. *Smith v. P and B Corp.*, (1979) 179 Ind. App. 693, 695, 386 N.E.2d 1232, 1234, *trans. denied.* In determining whether a genuine issue of material fact exists, we accept as true all facts set forth by the non-moving party and resolve all doubts against the movant. *Barnd v. Borst*, (1982) Ind.App., 431 N.E.2d 161, 165, *trans. denied.* The granting of summary judg-

ment is not appropriate if the trial court must weigh conflicting evidence to reach a decision, *Collins v. Dunifon*, (1975) 163 Ind.App. 201, 323 N.E.2d 264, or even if there are conflicting inferences which may be drawn from undisputed facts. *Moll v. South Central Solar Systems, Inc.*, (1981) Ind.App., 419 N.E.2d 154. "However, despite conflicting facts and inferences on some elements of a claim, summary judgment may be proper where there is no dispute or conflict regarding a fact that is dispositive of the litigation." *Hayes v. Second National Bank of Richmond*, (1978) Ind.App., 375 N.E.2d 647, 650, *trans. denied.*

When review is based on the grant of a motion for summary judgment, the trial court's judgment will be affirmed if it can be sustained on any theory or basis found in the record. *Lawson v. Public Service Co.*, (1986) Ind.App., 493 N.E.2d 815, 817.

We turn to a discussion of the merits of this case. In response to Thompson's allegations of negligence, the defendants Public Service and GTLA alleged in part that Thompson's injuries were proximately caused by his own negligent conduct. Even assuming that Public Service and GTLA breached any duty to Thompson, we can resolve this case on the issues of contributory negligence and proximate cause as urged by Public Service and GTLA.

Contributory negligence has been defined as the failure of a person to exercise that degree of care and caution for his own safety which an ordinary, reasonable and prudent person in similar situations would exercise. *Public Service Co. v. Gibbs*, (1984) Ind.App., 460 N.E.2d 992, 995. It must be further shown that the plaintiff's negligent act was a proximate cause of his injury and that he was actually aware of or should have appreciated the risks involved. *Hundt v. LaCrosse*, (1983) Ind., 446 N.E.2d 327. The question of contributory negligence is one of fact for the jury when the evidence is in dispute or conflict, or is such that different minds may reasonably draw different conclusions or inferences therefrom. *Gibbs, supra.*

However, where but one reasonable conclusion or inference can be drawn from the evidence, the question of contributory negligence becomes a question of law. *Id.; McCall v. Sisson*, (1975) 166 Ind.App. 403, 336 N.E.2d 660.

 We find that the conduct of Thompson in climbing the utility pole and agitating the raccoon fell below the standard of care to which he should have conformed for his own protection. Thompson maintains that he was careful to avoid touching the overhead wires, which he knew were dangerous. Nevertheless, considering all the facts and circumstances before us, it seems clear that in climbing the utility pole, slapping it and squalling at the raccoon, thereby agitating it when it was perilously close to charged overhead wires, Thompson should have appreciated the sort of hazard that ultimately befell him. *See Lawson v. Public Service Co., supra.*

Moreover, any liability of Public Service and GTLA in maintaining an uninsulated, exposed ground wire on a utility pole was superseded by the proximate, effective cause of Thompson's tragic injuries, his own negligent conduct. As we stated in *Lawson, supra,* quoting the court in *Havert v. Caldwell*, (1983) Ind., 452 N.E.2d 154, 158:

> "An intervening cause, with respect to the doctrine of proximate cause, means, not a concurrent and contributing cause, but a superseding cause, which is itself the natural and logical cause of the harm or the immediate and direct cause of the injury; and where the cause of an injury or death is the negligent act of an independent responsible intervening agency, such act must be regarded as the proximate cause thereof and the original negligence considered as only the remote cause."

The intervening cause must be one which the original wrongdoer could not have reasonably foreseen before it will serve to cut off his liability. *Havert, supra; Lawson, supra.* Public Service and GTLA could not have reasonably foreseen that Thompson would strap on steel pole climbers and scale the utility pole after the raccoon. Consequently, Thompson's acts intervened and superseded any negligent act or omission of the defendants.

 Finally, Thompson is not aided by the rule that contributory negligence is not a defense to an action for willful and wanton misconduct. *See Kizer v. Hazelett*, (1943) 221 Ind. 575, 49 N.E.2d 543, 544. Thompson failed to present the theory that the defendants engaged in willful and wanton misconduct to the trial court or in the motion to correct errors, so it is waived. *Thompson v. Daviess-Martin County REMC*, (1985) Ind.App., 486 N.E.2d 1102, 1104–05. Thompson in the instant case argues that he preserved the issue in the trial court by alleging conduct which would, per force, constitute willful and wanton misconduct. His argument is unpersuasive. The issue also was not raised in the trial court when GTLA placed into issue Thompson's status as a trespasser to which it would owe no duty but to refrain from willful and wanton misconduct. Thompson never disclosed to the trial court the theory that his contributory negligence would not be a defense due to the defendants' extreme lack of care, and that is the theory which Thompson seeks to present on appeal. An appellant who has presented his case to the trial court on a certain and definite theory shall not be permitted to change on appeal and prevail upon another theory not previously advanced. *Apple v. Kile*, (1983) Ind.App., 457 N.E.2d 254.

Judgment affirmed.

NEAL and YOUNG (Sitting by Designation), JJ., concur.