**John McCLURE and Ruth McClure, Appellants,**

v.

**Stephen STROTHER and Ruth Strother, Appellees.**

**No. 10A01–9011–CV–487.**

Court of Appeals of Indiana, First District.

May 9, 1991.

1320

Mitchele J. Harlan, Harris, Harris & Harlan, Jeffersonville, for appellants.

Ernest W. Smith, Smith, Bartlett, Heeke & Carpenter, Jeffersonville, for appellees.

BAKER, Judge.

Plaintiffs-appellants John and Ruth McClure [1] appeal the trial court's entry of summary judgment in favor of defendants-appellees Stephen and Ruth Strother in the McClure's personal injury action. The sole issue for our review is whether the McClures presented a genuine issue of material fact precluding the entry of summary judgment.

We affirm in part and reverse in part.

## FACTS

This being a summary judgment case, we must accept as true all the facts as advanced by the party opposing summary judgment. *Hatton v. Fraternal Order of Eagles, Aerie #4097* (1990), Ind.App., 551 N.E.2d 479, *trans. denied.* Summary judgment is proper only if the facts taken in the light most favorable to the non-movant reveal that no genuine issue of material fact exits. *Downing v. Eubanks* (1990), Ind.App., 557 N.E.2d 1027, 1030.

The facts viewed in the light most favorable to McClure, the non-movant, reveal he and his brother-in-law, David Kemp, are partners in a house painting business. On the day of the accident, they were on the Strothers' property to paint the exterior trim of the Strothers' home. After they arrived, Mr. Strother also asked them to

---

**1.** Because Ruth McClure's claims are derivative of her husband's, we refer to him individually throughout this opinion.

install gutter screens. Both tasks required the use of a ladder.

In deciding how to place the ladder, McClure asked Mr. Strother whether the ground was firm enough to support a 190 pound man on a 40–foot ladder, and Mr. Strother replied affirmatively. McClure also asked Mr. Strother whether he (McClure) could use "tie-offs" to secure the ladder to the gutter, but Mr. Strother would not allow it.

While working on the ladder, McClure shifted his weight, one prong of the ladder came out of the ground, and McClure fell off the ladder. He and his wife subsequently filed this negligence suit against the Strothers.

## DISCUSSION AND DECISION

### General principles

■ The law in Indiana on property owner liability for injury to independent contractors is well settled. Generally, the owner of property is under no duty to provide an independent contractor with a safe place to work, *Robinson v. Kinnick* (1989), Ind.App., 548 N.E.2d 1167, *trans. denied,* though there is a duty, which extends to employees of independent contractors, to keep the property in a reasonably safe condition. *Wingett v. Teledyne Indus., Inc.* (1985), Ind., 479 N.E.2d 51, 54, *overruled on other grounds, Douglass v. Irvin* (1990), Ind., 549 N.E.2d 368.

■ Moreover, landowners generally are required to warn independent contractors of latent or concealed perils on the premises, *Louisville Cement Co. v. Mumaw* (1983), Ind.App., 448 N.E.2d 1219, and they may also become liable to independent contractors if they gratuitously assume a duty to provide a safe work place. *Robinson, supra.* McClure seeks safe harbor in both of these rules, but despite his arguments to the contrary, neither rule is applicable here, and McClure may not raise them at trial.

■ First, the ladder from which McClure fell had been inserted into the muddy ground adjacent to the Strothers' house. When McClure shifted his weight, the end of the ladder on the opposite side his weight was moving came up out of the ground and McClure fell. According to McClure, the end of the ladder was pushed up by a block which lay underneath the end, and he argues this was a hidden defect of which Mr. Strother should have warned him. One does not have to be an expert in Newtonian physics to know that gravity pulls down; it does not push up. There is no triable question of a hidden defect.

Second, Mr. Strother's assurances the ground was firm enough to support McClure's weight on the ladder do not amount to the gratuitous assumption of a duty to provide a safe work place. That doctrine applies to cases in which the landowner actually takes affirmative steps to provide for on-the-job safety. *See id.,* and cases cited therein.

### Assumption of Control and Superior Knowledge

The parties argue the applicability of another exception to the no-duty rule. In 1964, the appellate court decided *Hoosier Cardinal Corp. v. Brizius* (1964), 136 Ind. App. 363, 199 N.E.2d 481, *trans. denied.* In that case, the employee of an independent contractor was injured while working on the contractee landowner's premises. In defining the defendant landowner's duty to the plaintiff, the court stated the defendant had a legal obligation

to use and exercise ordinary care that its premises were in a reasonably safe condition for such purpose. That duty did not require the appellant [landowner] to furnish or provide appellee with ladders, scaffolding, supports, or platforms for his support of which he should utilize or stand upon in the doing of his work. *There is no evidence in this record that appellant undertook to provide appellee with any such facilities.* Rather, the undisputed evidence reflects that the [job was to be completed] by the use of ladders and equipment furnished by the contractor.

*Id.,* 136 Ind.App. at 374, 199 N.E.2d at 486 (emphasis added).

The court also stated that:

the basis of liability of the inviter for failing to render the premises reasonably safe for the invitee must be predicated upon the *superior knowledge of the inviter of the dangers of the premises.* 38 Am.Jur., Negligence, § 185, p. 862.

Over the years, the *Hoosier Cardinal Corp.* decision spawned two interrelated lines of reasoning in our decisional law. First, the statement no evidence existed that the appellant landowner undertook to provide the plaintiff-appellee with any facilities or equipment has burgeoned into a rule that a landowner who assumes control of a dangerous instrumentality otherwise under the control of an independent contractor or a third party is liable for injuries to the independent contractor's employee caused by operation of the instrumentality. *Howard v. H.J. Ricks Constr. Co.* (1987), Ind.App., 509 N.E.2d 201, 205, *trans. denied; Orville Milk Co. v. Beller* (1985), Ind.App., 486 N.E.2d 555, 559; *Jones v. Indianapolis Power & Light Co.* (1973), 158 Ind.App. 676, 687, 304 N.E.2d 337, 344, *trans. denied; Denneau v. Indiana & Michigan Elec. Co.* (1971), 150 Ind.App. 615, 277 N.E.2d 8, *trans. denied.*

Second, the *Hoosier Cardinal Corp.* court's statement concerning the inviter's superior knowledge of the condition of the premises in effect became an independent basis for a landowner's liability. *See Wingett, supra,* at 54. Additionally, the statement crept along with the developing "assumption of control" rule and it too became an independent basis of landowner liability in cases involving the operation of an independent contractor's dangerous instrumentality: in addition to being liable for assuming control of an independent contractor's or third party's dangerous instrumentality, a landowner becomes liable for having "superior knowledge of the potential dangers involved" in the operation of the contractor's instrumentality. *Howard, supra,* at 205. *See also Orville Milk Co., supra; Jones, supra.*

■ The logic and viability of the "assumption of control" rule remain unquestioned. A landowner is liable for reasonably foreseeable injuries to a contractor's employee caused by hazardous instrumentalities maintained by the landowner on the landowner's premises. *Jones, supra,* 158 Ind.App. at 687, 304 N.E.2d at 344 (citing *Denneau, supra,* and *Hoosier Cardinal Corp., supra* ). From that premise, it follows that if a landowner assumes control of a contractor's instrumentality, the potential for liability will attach, just as if the landowner maintained the instrumentality on the landowner's premises. *See Plan-Tec, Inc. v. Wiggins* (1983), Ind.App., 443 N.E.2d 1212, 1219.

■ The "superior knowledge" rule, however, was recently pared down and explained by our supreme court in *Douglass, supra.* After a detailed analysis of *Hoosier Cardinal Corp.* and the growth of the "superior knowledge" rule, *Douglass* overruled *Wingett, supra,* and prior cases "to the extent language in [those] cases may be read to create an independent 'equal or superior knowledge' rule as a prerequisite element of or limitation upon the existence of a landowner's duty of care." *Id.* 549 N.E.2d at 371. Rather, superior knowledge is merely "the policy rationale supporting the imposition upon property owners of the duty to use reasonable care." *Id.* In other words, superior knowledge answers the question "Why is a landowner liable?" It does not pose the question "Whether a landowner is liable?"

The *Douglass* court spoke specifically to only one branch of the superior knowledge rule, i.e., a landowner's liability to the employees of independent contractors for on-premises hazards. The present case involves the second branch: McClure argues Mr. Strother's knowledge of the dangers involved in the use of the ladder was superior to his own, and that, therefore, Mr. Strother is liable for McClure's injuries. In our view, however, the *Douglass* decision forecloses such an argument as a basis of liability. All the "superior knowledge" cases grew out of the *Hoosier Cardinal Corp.* decision, and the rule developed interchangeably in both its branches. *Douglass* redefined the "superior knowledge" language in *Hoosier Cardinal Corp.* and we can see no reason for unnaturally con-

fining the *Douglass* holding to only those cases involving on-premises hazards, when the cases involving a contractor's dangerous instrumentality rest on the same pedestal.

Accordingly, we hold that a landowner's superior knowledge of the potential dangers involved in the operation of an independent contractor's dangerous instrumentality is not an independent basis of landowner liability for injuries to an independent contractor's employee caused by the use of the instrumentality, and McClure has no cause of action for any such knowledge on the part of Mr. Strother. We follow the lead of the *Douglass* court, and must therefore disagree with the earlier decisions to the extent they are contrary to our holding today.

■ The "assumption of control" issue remains, but before we analyze McClure's allegation that Mr. Strother assumed control of the ladder, we must note a distinction between the present case and the cited cases applying the "assumption of control" rule. In each of the cited cases, the plaintiff was an injured employee of an independent contractor, whereas here, the plaintiff is the independent contractor himself. The distinction, however, is one without a difference.

Most importantly, as we have discussed above, the rationale for the rule is that a landowner who takes control over a contractor's instrumentality is in a position analogous to that of the landowner who maintains a hazardous instrumentality on the premises. The rule is not in any way based on the position of the contractor's employee as a servant who lacks discretion in the discharge of his duties. Moreover, it is mere fortuitous circumstance that the cases developing and applying the rule have been in the context of employees of corporate independent contractors rather than the context of individual independent contractors. Finally, were we to decide the rule applies only to employees, individual contractors could avoid the effect of the rule simply by incorporating and becoming employees of their corporations. We see no need for such measures. Accordingly, we hold the rule is applicable in actions by injured independent contractors to the same extent as in actions by injured employees of independent contractors.[2]

■ In the present case, McClure argues he has demonstrated a triable issue concerning Mr. Strother's assumption of control of the ladder. We agree.

The genuine issue of material fact is whether Mr. Strother refused to allow McClure to use "tie-offs" on the ladder. If he did not refuse to allow the "tie-offs", he was under no duty and is, therefore, not liable. If he did refuse, however, he may have assumed control over the ladder, an instrumentality in the contractors' control, thereby becoming liable for accidents stemming from the use of the unsecured ladder. In the latter event, it also is a question for the jury whether McClure's use of the ladder without the "tie-offs" was either contributorily negligent or an incurrence of the risk under the Comparative Fault Act. *See* IND.CODE 34–4–33–2; 34–4–33–4.

*Liability of Mrs. Strother*

■ Our discussion thus far has been confined to Mr. Strother, but Mrs. Strother is also a defendant in this case. We affirm the grant of summary judgment in her favor because her husband's potential for liability stems not from a condition of the land (e.g., a hidden defect), responsibility for which she as co-tenant might bear equally with her husband. Instead, Mr. Strother bears the potential for liability based on an alleged affirmative statement by which he may have asserted control over McClure's ladder. A spouse is liable for the negligence of the other spouse only if a relationship of master and servant, or of principal and agent, can be proven. *Pierce v. Horvath* (1968), 142 Ind.App. 278,

---

**2.** The Strothers have impliedly agreed with our holding here. They cite *Howard, supra,* and argue it is inapplicable because, under their view, the facts do not show any assumption of control of the ladder. They make no argument that *Howard* is inapplicable because McClure is not an employee. *Appellee's Brief* at 14.

233 N.E.2d 811. Proof of such a relationship requires clear and satisfactory evidence. *Bradford v. Bentonville Farm Supply* (1987), Ind.App., 510 N.E.2d 745. McClure not only has failed to provide clear and satisfactory evidence of such a relationship, he has failed even to allege the existence of such a relationship. Accordingly, he has failed to demonstrate a genuine issue of material fact regarding Mrs. Strother's liability to withstand the motion for summary judgment.

### CONCLUSION

The summary judgment in favor of Mrs. Strother is affirmed. The summary judgment in favor of Mr. Strother is reversed upon the "assumption of control" issue and is affirmed on all other issues. The cause is remanded for a trial on the remaining issue.

ROBERTSON and SHIELDS, JJ., concur.