## JAKOB v. GARY RAILWAYS, INC.

[No. 17,528. Filed January 30, 1947. Rehearing denied April 1, 1947. Transfer denied December 17, 1947.]

*Davis and Gruenberg,* of Gary, attorneys for appellant.

*Gavit and Richardson,* of Gary, attorneys for appellee.

CRUMPACKER, C. J.—The appellant attributes the loss of his decedent's life to the failure of the appellee to meet the requirements of § 20-304, Burns' 1933, the pertinent parts of which read as follows:

> "It is hereby made the duty of all owners, contractors, subcontractors, corporations, agents or persons whatsoever engaged . . . in the transmission, generation or use of any electricity or other power, . . . to see and to require . . . that in the transmission, and use of electricity of a dangerous voltage, full and complete insulation shall be provided at all points where the public or any employee of the owner, contractor or subcontractor transmitting or using said electricity are liable to come into contact with the wire or wires."

At the close of the appellant's evidence the court instructed the jury to return a verdict for the appellee and such action is the only error presented by this appeal of which we need take note.

The undisputed evidence establishes the following facts in substance: The appellee owns and operates an electric street railway system in the city of Gary, Indiana, and on the 24th day of July, 1944, maintained a set of tracks and trolley wires on Broadway in said city. Along the west curb line of said street the appellee had what it calls a "feeder cable" which was insulated and supported, at a considerable height above the sidewalk level, by a series of poles. This feeder cable carries 550 volts of electricity and is tapped into the trolley wires every 1,000 feet to furnish electricity thereto. The Chicago, South Shore & South Bend Railway Company owns and maintains a large neon sign across and over the west sidewalk on Broadway near its intersection with 3rd Avenue, which sign is hung between two steel posts on either side of said sidewalk and from 20 to 25 feet above the same. The appellee's feeder cable passes by the west end of this sign and is guyed, by a bare wire at that point, to the west post supporting said sign. The evidence does not disclose the length of this guy wire but about halfway between the point where it leaves the feeder cable and the point where it is anchored to said post there is an insulator which prevents the flow of electricity over said guy wire and into said post. From the insulator to the feeder cable this guy wire is charged, carrying approximately the same voltage as does the feeder, but from the insulator to the post it is "dead."

On June 30, 1944, the appellant's decedent, Joseph Jakob, was employed by the Ad-Craft Sign Company which, at that time, had a contract with the Chicago,

South Shore & South Bend Railway Company to clean and repair said sign. While engaged in such work said Jakob, in some manner not made clear by the evidence, came in contact with the charged portion of said guy wire and fell to the sidewalk, 20 or 25 feet below, and was killed.

At the very foundation of the appellant's right to recover in this case, lies the question—did the appellee owe Joseph Jakob any duty, by virtue of § 20-304, Burns' 1933, above quoted, to fully and completely insulate the guy wire in question? The appellant makes no claim that his decedent, Joseph Jakob, at the time of this injury and death, was employed by the appellee, who owned and maintained the uninsulated wire involved, but insists that the mere fact that said Jakob, at such time, was a member of the public is sufficient to bring him within the protection of the statute.

We cannot agree that said statute can be so construed. The word "public," as used in the statute, means the general public—a great multitude of persons who would, in the course of daily events, be exposed to danger by the presence of an uninsulated wire carrying a dangerous voltage of electricity. The word has no reference to an individual whose particular employment requires him to work in the proximity of a live wire with which there would be no likelihood of his coming in contact except for such employment. The exposure must be common to the concourse of people who make up the general public in any locality.

The case of *Linn Grove etc., Power Co.* v. *Fennig* (1927), 86 Ind. App. 170, 154 N. E. 877, is analogous in its facts to the one at bar and is strongly urged upon us as supporting appellant's construction of the word "public" as used in the statute under consideration. In that case the appellee Fennig relied upon this same stat-

ute as applicable to the following facts, the statement of which we quote from the decision itself:

"Appellant owned and operated a line of poles along a public highway on which poles were strung bare uninsulated wires carrying 6,600 volts of electricity. Appellee was engaged in moving a house along the highway, and, in order that the house might pass under certain guy wires which were not far enough from the ground to permit the passage of the house, he climbed on the roof of the house to raise the guy wire, and in so doing accidentally came in contact with one of the uninsulated electric wires which was about three feet above the guy wire and the roof of the house, and thereby received an electric shock which resulted in a serious injury."

The appellee recovered judgment which this court affirmed but the question as to whether the duty the appellant owed the public, under the statute, included the appellee while working on the roof of a house inaccessible to the general public, was neither presented nor passed upon. The case was decided upon questions not involved in this appeal and so far as it might, through inference or analogy, be considered as holding that the word "public" included the appellee under the particular circumstances, it is disapproved.

It might be urged that, even though the appellant, in the present case, failed to bring himself within the protection of the statute he relies upon, he was entitled to go to the jury on the theory of common law negligence. Whether he had the technical right to proceed upon the theory of statutory liability and recover at common law, we find it unnecessary to decide as a careful examination of the record discloses no evidence tending to prove common law negligence.

It is established law in this state that one who seeks the benefit or protection of a statute must bring himself

within its scope. This, in our opinion, the appellant has failed to do.

Judgment affirmed.

NOTE.—Reported in 70 N. E. 2d 753.