Edward Goodell, J.
This case illustrates the point that although Lawrence v. Fox (20 N. Y. 268) is still alive and well, the classes of third-party beneficiaries, to which it is applicable are not without limitation.
The plaintiff is a physician, who rendered medical services to Martin Horne, while he was a patient at Beth Israel Hospital. His bill for the services he rendered was $1,105. Unfortunately, Martin Horne died while at the hospital, leaving behind both an unpaid hospital bill and an unpaid medical bill for Dr. Zweig’s services.
The decedent had been a member of the Building Service Employees Union prior to his admission to Beth Israel Hospital. The union through its building service welfare trust fund, had entered into a policy of group medical expense insurance with the defendant, Metropolitan Life Insurance Company, which was still in effect when Martin Horne died.
The policy provided in substance that the insurance company, in consideration of the premium paid by the welfare trust fund, described as the “ Employer,” would pay to its “ Employees ”, of whom Martin Horne was one, 80% of the “ Covered Medical Expenses ” not exceeding a maximum for one medical expense period of $5,000, less a deductible amount of $100. Section 7, entitled “ Payment of Claim, ’ ’ specifically provided in part, that *94 “ All benefits payable in the Supplementary Agreement, shall be paid to the Employee
In the case of Martin Horne, the amount that would have been payable to him by the defendant insurance company had he lived was 80% of the hospital’s bill of $2,694.50, and of the doctor’s bill of $1,105, less the deductible amount of $100, or 80% of a total of $3,699.50, namely $2,959.60.
After Martin Horne died, the Metropolitan Life Insurance Company paid to Beth Israel Hospital the full amount of its bill, namely $2,694.50, and paid to Dr. Zweig, the plaintiff, the balance of the sum of $2,959.60 remaining in its hands, namely $265.10, although the plaintiff’s claim was $1,105.
This action was then commenced to recover $839490, which is the difference between the total medical bill of $1,105 and the amount of $265.10 actually received by the plaintiff from the defendant.
The theory of the plaintiff’s cause of .aetidh is that he is a third-party beneficiary of the contract of insurance. It is his position, therefore, that the defendant insurance company had no choice but to distribute the total benefit ratably to him and the hospital, and accordingly, that it wrongfully discriminated' by giving the hospital a preference and paying it in full, while the doctor only received the residue, amounting to about 24% of his bill.
The question in this case, therefore, is whether the plaintiff is a third-party beneficiary of the insurance contract, entitled to sue under the doctrine of Lawrence v. Fox (20 N. Y. 268, supra).
At the outset, it will be noted that the plaintiff is neither a party to the contract nor a named beneficiary. If Martin Horne had lived, he would have been the beneficiary. So that the question here, more precieslv stated, is whether the parties who rendered services to the man who would have been the beneficiary had he lived, are also third-party beneficiaries in their capacity as his creditors.
While as was said in Seaver v. Ransom (180 App. Div. 734, 740, affd. 224 N. Y. 233), “ The doctrine of Lawrence v. Fox is progressive, not retrograde ”, neither precedent nor reason would appear to warrant the extension of its applications from the first to a second tier of beneficiaries, or, to put it more explicitly, from the named beneficiary to the creditors of the designated beneficiary.
For a long time, the absence of two concepts considered central to contractual obligation prevented recovery by third-party bene *95 ficiaries. These impediments were the .absence of privity and consideration between the promisor and the beneficiary.
Although New York abandoned the dogma in 1859 in Lawrence v. Fox (20 N. Y. 268, supra) in language sufficiently broad to encompass donee beneficiaries as well as creditor beneficiaries, it was not until 1918 that the Court of Appeals in Seaver v. Ransom (224 N. Y. 233, 241, supra) definitely extended the application of Lawrence v. Fox “ to permit the donee-beneficiary to recover on the contract.” (6 Encyclopedia New York Law, Third Party Beneficiaries, pp. 558-559; 10 N. Y. Jur., Contracts, p. 173).
There are, therefore, in New York, two definitive classes of protected third-party beneficiaries, namely creditor beneficiaries and donee beneficiaries, each of whom can sue (6 Encyclopedia New York Law, Third Party Beneficiaries, p. 568). All other third parties are incidental beneficiaries who may not sue.
As the Encyclopedia sums up the law: 1 ‘ The only third persons who may enforce a contract to which they are not parties are the donees and creditors of the promisee to whom by the terms of the promise performance is to be rendered. Other third persons might be benefited if the performance occurs and correspondingly disappointed if it does not, but they are given no right to enforce the promise. 'Such persons are called incidental beneficiaries. The Restatement definition is negative: all third parties not donees or creditors of the promisee are incidental beneficiaries. An incidental beneficiary acquires no right to enforce the promise.” (6 Encyclopedia New York Law, Third Party Beneficiaries, p. 568).
And Williston’s comment on the subject of incidental beneficiaries is that “It sometimes happens that a person who is neither the promisee of a contract nor the party to whom performance is to be rendered will derive a benefit from its performance. Such a person is neither a donee beneficary nor a creditor beneficiary, but belongs to the third type —the incidental beneficiary. ‘ An incidental beneficiary acquires by virtue of the promise no right against the promisor or the promisee. ’ ” (2 Williston, Contracts [3d ed.], p. 1088; see, also, 4 Corbin, Contracts, p. 41).
In the present ease, under the terms of the contract between the building service welfare trust fund and the Metropolitan Life Insurance Company, the “ Employees ” including Martin Horne, were donee beneficiaries. Both the hospital and the doctor are incidental beneficiaries and therefore, without standing to institute an action on the contract.
*96 Jt may be added that the rationale for giving a donee beneficiary the right to sue is that " it must have been the intention of the contracting parties, and particularly the intention of the promisee who paid for the promise, to confer a benefit upon him.” (6 Encyclopedia New York Law, Third Party Beneficiaries, p. 560; see, also, Restatement, Contracts, §§ 133, 136), which abandons the intention test entirely in the case of the creditor beneficiary, but retains it as controlling in the case of the donee beneficiary (6 Encyclopedia New York Law, Third Party Beneficiaries pp. 561-562).
Williston puts the proposition this way: “ In the donee beneficiary type, this conclusion seems accurate since the promisee usually does wish to make a gift of the benefit of the promise to the third person.” (2 Williston, Contracts [3d ed.], p. 837.)
Under the terms of the insurance contract here, the persons intended to be benefited by the promisee, the building service welfare trust fund, are the “ Employees.” Neither tfie hospital nor the doctor are named as beneficiaries, and there is no proviso for the payment of a benefit to them. As Williston notes with approval, “ It is commonly said that ‘ for one to be able to avail himself of a promise in an agreement “ to which he is not a party, he must, at least, show that it was intended for his direct benefit ” in either all or part of its contemplated performance.’ ” (2 Williston, Contracts [3d ed.], p. 835.)
Moreover, ‘ ‘ ‘ the authorities are in accord that one suing as a third party beneficiary has the burden of showing that the provision was for his direct benefit ’ and unless he can sustain this burden, he will not be permitted to sue on the agreement,” (2 Williston, Contracts [3d ed.], p. 836.)
I find as a matter of both law and fact that the plaintiff has failed to sustain the burden of showing, that the contract of insurance was for his direct benefit and, therefore, that he could not sue on the contract.
In view of the foregoing discussion, I find that there is no basis in law or in fact for. the second cause of action.
Accordingly, the complaint is dismissed with costs and disbursements. Judgment may be entered accordingly.