James BROWN, Appellant
(Plaintiff Below),

v.

NORTHERN INDIANA PUBLIC SER-
VICE COMPANY, a corporation
Appellee (Defendant Below).

No. 3-785-A-163.

Court of Appeals of Indiana,
Third District.

Aug. 27, 1986.
Rehearing Denied Sept. 29, 1986.

Gary D. Leigh, Fisher, Leigh & Associates, Chicago, Ill., Thomas J. Roemer, Roemer Law Offices, South Bend, for appellant.

Charles W. Webster, Eichhorn, Eichhorn & Link, Hammond, Robert D. Lee, Hardig, Lee, Groves & Konopa, South Bend, for appellee.

STATON, Presiding Judge.

This is an interlocutory appeal [1] from summary judgment entered in favor of Northern Indiana Public Service Company and against James Brown in his personal injury action against NIPSCO and others.[2] We reverse.

## I.

### Summary Judgment

Brown was a construction laborer employed by Dedelow, Inc. On the day he was injured Brown had been sent to the Dedelow construction yard to help move steel pipe from one area of the yard to another. A crane was used to carry the pipe, with Brown and another worker attaching the crane cables to the pipe and guiding the pipe as it was moved to the bed of a nearby truck. Brown was injured when some part of the crane contacted an uninsulated high voltage wire running over the construction yard.

Brown's complaint alleged that NIPSCO was negligent in placing the power lines at a height which did not allow the safe operation of a crane and in failing to warn of the dangers of operating cranes in close proximity to the power lines.

NIPSCO first moved for summary judgment on the ground that it owed no duty to Brown as a matter of law. The trial court denied NIPSCO's motion, holding that it could not find as a matter of law that no duty existed running from NIPSCO to the injured plaintiff. NIPSCO renewed its motion for summary judgment, arguing for the application of the "open and obvious" rule enunciated by the Supreme Court in *Bemis Co., Inc. v. Rubush* (1981) Ind., 427 N.E.2d 1058. The trial court sustained NIPSCO's motion with the following order:

The court having reviewed the documents filed herein on the renewed motion for summary judgment by the defendants, Northern Indiana Public Service Company and Pettibone Corporation, now finds that there is no material dispute as to fact and that the defendant, Northern Indiana Public Service Company, is entitled to a judgment as a matter of law.

* * * * * *

Having reviewed the evidence herein and further having reviewed the additional testimony of the plaintiff in the deposition and the testimony of other deponents herein, the court now finds that the situation as described by the plaintiff and other deposed witnesses brings into bearing in this cause of action, with respect to the defendant NIPSCO, the "open and obvious rule." The court having reviewed the decisions of *Bemis Company, Inc., The [sic] Rubush* (1981) 427 N.E.2nd 1058 and *J.I. Case Company v. Sandefur* (1964) 245 Ind. 213, 197 N.E.2nd 519 now finds that the plaintiff herein was aware of the risk of the crane coming in contact with the power lines.

1. NIPSCO filed a motion to dismiss the appeal addressed to the timeliness of Brown's motion to correct error. The motion to dismiss was denied by this court on April 14, 1986 and we decline NIPSCO's invitation in its Appellee's brief to further consider this issue.

2. The issues pertaining to the single remaining defendant are not pertinent in this appeal.

The court further finds that the plaintiff was aware of the distance of said power lines and that he had been repeatedly warned to be aware of their existence and to avoid the same.

The court finds that the above cited decisions clearly support the position of the moving party, Northern Indiana Public Service Company, and as such, there being no dispute as to fact, the defendant, Northern Indiana Public Service Company, is entitled to a summary judgment as a matter of law.

\* \* \* \* \* \*

Summary judgment awarded to the defendant NIPSCO and denied as to the defendant, Pettibone Corporation, all per order entered.

It is from this order that Brown appeals, arguing that the trial court erred in applying the open and obvious rule in a nonproducts liability case and that there were genuine issues of material fact as to whether the risk of injury and the fact that the lines were uninsulated were open and obvious to Brown.

NIPSCO has conceded that since the trial court's order was entered, the Supreme Court's decision in *Bridgewater v. Economy Engineering Co.* (1985) Ind., 486 N.E.2d 484, *reh. den.* has foreclosed the application of the open and obvious rule in non-product negligence cases. NIPSCO continues to argue, however, that NIPSCO owed no duty to Brown and that Brown was contributorily negligent as a matter of law.

Our standard of review for summary judgment is well known; it is the same standard applied by the trial court. "If the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits and testimony, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law" summary judgment is appropriate. Indiana Rules of Procedure, Trial Rule 56(C). The purpose of the summary judgment procedure is to terminate those causes of action which have no factual dispute and which may be determined as a matter of law. However, the procedure must be applied with extreme caution so that a party's right to the fair determination of a genuine issue is not jeopardized. *Jones v. City of Logansport* (1982) Ind. App., 436 N.E.2d 1138, 1143. The burden is upon the moving party to establish that there is no genuine issue as to any material fact. The court liberally views all evidence in the light most favorable to the non-movant and resolves any doubt as to a fact, or the inferences to be drawn therefrom, in favor of the non-movant. *Id.* We must reverse a grant of summary judgment if the record discloses an unresolved issue of material fact or an incorrect application of the laws to those facts. As NIPSCO points out, however, summary judgment will be affirmed if sustainable on any theory or basis found in the record. *Wingett v. Teledyne Industries, Inc.* (1985) Ind., 479 N.E.2d 51, 56. Thus, even though the trial court incorrectly based its decision on the open and obvious rule, we review the materials considered by the trial court to determine whether some other theory supports summary judgment in favor of NIPSCO.

■ Actionable negligence in Indiana requires proof of the following elements: (1) a duty imposed on the defendant for the benefit of the plaintiff; (2) a breach of that duty by the defendant; (3) an injury to the plaintiff proximately caused by the defendant's breach. *Lambert v. Parrish* (1984) Ind.App., 467 N.E.2d 791, 796.

## II.

### Duty

■ The existence of a duty running from the defendant to the plaintiff is a question of law to be determined by the court. *Bearman v. University of Notre Dame* (1983) Ind.App., 453 N.E.2d 1196, 1198. The duty question in this case is of the type discussed by the court in *Clyde E. Williams & Assoc., Inc. v. Boatman* (1978) 176 Ind.App. 430, 375 N.E.2d 1138. There the court said:

While it is clear that the trial court must determine if an existing relationship gives rise to a duty, it must also be noted that a factual question may be interwoven with the determination of the existence of a relationship, thus making the ultimate existence of a duty a mixed question of law and fact.

*Id.* at 1141. Thus, if a certain set of facts is found, then a duty exists.

■ In this case, the question is whether there existed such a relationship between NIPSCO and Brown as to give rise to a duty of care on NIPSCO's part. In addressing that question we must look first to the law governing electric utilities. It is well settled that in Indiana, companies engaged in the generation and distribution of electricity have a duty to exercise reasonable care to keep distribution and transmission lines safely insulated in places where the general public may come into contact with them. *Petroski v. Northern Indiana Public Service Co.* (1976) 171 Ind.App. 14, 354 N.E.2d 736, 741. Generally, insulation is not required when the lines are sufficiently isolated so that the general public could not reasonably be anticipated to be dangerously close to the lines. *Jones v. City of Logansport, supra* at 1150. As the court in *Southern Ind. Gas & Elec. Co. v. Steinmetz* (1977) 177 Ind.App. 96, 377 N.E.2d 1381 explained:

This means, then, that an electric utility will not generally be required to insulate its wires with a covering or coating to protect only those persons who might come into contact with power lines in the course of their employment as electric utility employees, *Denneau v. Indiana & Michigan Electric Co., supra,* [ (1971) 150 Ind.App. 615, 277 N.E.2d 8], or while cleaning and repairing a sign near power lines, *Jakob v. Gary Railways, Inc., supra,* [ (1947) 118 Ind.App. 13, 70 N.E.2d 753], or while installing a TV antenna on private property. *Northern Indiana Public Service Co. v. Howard* (1957), 127 Ind.App. 488, 139 N.E.2d 558. An exception is made to this rule, however, when the utility knows or has knowledge of such facts from which it should know that a particular segment of the population will be regularly exposed to uninsulated wires for one reason or another, particularly when children are involved. *Petroski v. Northern Indiana Public Service Co., supra* (boy climbing tree); *Wise v. Southern Indiana Gas & Electric Co.* (1941), 109 Ind.App. 681, 34 N.E.2d 975 (boy climbing bridge with sagging power line nearby); *Fort Wayne and Northern Indiana Traction Company v. Stark* (1920), 74 Ind.App. 669, 127 N.E.460 (boy climbing tree).

377 N.E.2d at 1384.

There is no question that in this instance Brown was not a member of the general public—that "great multitude of persons who would, in the course of daily events, be exposed to danger by the presence of an uninsulated wire carrying a dangerous voltage of electricity." *Jakob v. Gary Railways, Inc.* (1947) 118 Ind.App. 13, 70 N.E.2d 753, 754. He was on the totally fenced, private property of his employer— an area to which the general public had no access. His exposure to the electric lines occurred as a result of his working with the crane in dangerous proximity to the lines. The question remains, nevertheless, whether Brown fits within the exception articulated in *Southern Ind. Gas & Elec. Co. v. Steinmetz* as a member of a particular segment of the population, i.e. Dedelow employees, which NIPSCO knew or should have known would be regularly exposed to the high voltage wires. *Jones v. City of Logansport, supra.* If that question is answered affirmatively then it must be determined whether NIPSCO met the standard of care required by the relationship. *Clyde E. Williams & Assoc., Inc. v. Boatman, supra.* The standard is not one of utmost care as is required in some states but is such care as a person of reasonable prudence would ordinarily use under like conditions and circumstances. *Hedges v. Public Service Company of Indiana, Inc.* (1979) Ind.App., 396 N.E.2d 933, 937.

In denying NIPSCO's first motion for summary judgment, the trial court held

that it could not find as a matter of law that NIPSCO had no knowledge of such facts indicating that employees of Dedelow would be exposed to the uninsulated wire, therefore the court declined to find that as a matter of law no duty existed. We agree that this issue was inappropriate for disposition by summary judgment.

There was evidence that Dedelow began using the site as a construction yard in 1975. Heavy construction equipment, including cranes, had been regularly used on the premises since that time. NIPSCO employees had been to the site at least five different times to service and install electrical lines and equipment prior to Brown's accident. Although the lines which traversed the yard were thirty-four feet above the ground—exceeding by fourteen feet the National Electrical Safety Code provision which NIPSCO claims is applicable— the evidence also shows that the crane used the day of the accident had a boom as much as seventy feet high. We conclude that there are material issues of fact regarding whether NIPSCO knew or should have known that the height and location of its uninsulated power lines across the Dedelow construction yard posed a danger to which Dedelow employees, like Brown, would be regularly exposed, and if so whether NIPSCO took such care as a person of reasonable prudence would ordinarily use under the conditions and circumstances. These are not questions which are amenable to summary disposition as a matter of law.

### III.

### Contributory Negligence

Assuming for the sake of argument that it had a duty, NIPSCO contends that it cannot be liable because Brown was contributorily negligent.

Contributory negligence, as a defense to a negligence claim, is generally a question of fact for the jury. The theory should not be found as a matter of law unless the facts are undisputed and only a single inference can be drawn therefrom. *Moore v. Federal Pacific Electric Co.*

(1980) Ind.App., 402 N.E.2d 1291; *Meadowlark Farms, Inc. v. Warken* (1978) 176 Ind.App. 437, 376 N.E.2d 122.

Contributory negligence is the failure of a person to exercise for his own safety that degree of care and caution which an ordinary, reasonable and prudent person in a similar situation would exercise. *Public Service Co. of Indiana, Inc. v. Gibbs* (1984) Ind.App., 460 N.E.2d 992, 995. The question of contributory negligence becomes one of law for the court only if it could be said that no reasonable man would have acted as plaintiff did under the circumstances. *Meadowlark Farms, Inc., supra* at 130. Indiana courts have approved the rule that a plaintiff is contributorily negligent as a matter of law if his knowledge and appreciation of the dangers, inherent in his enterprise and of the defendant's creation, surpassed or equalled that of the defendant. *Id.* at 131.

An examination of Brown's deposition reveals that the day he was injured was the first time he had ever worked at Dedelow's construction yard. (Record p. 112). He had occasionally worked with cranes, but he had never signalled cranes nor seen anyone else do so. (Record p. 109). He said he saw the wires overhead, (Record p. 135), but he never saw the boom near the wires. (Record p. 167). He could not see the boom being raised; he was watching the pipe and guiding it to the truck. (Record p. 124, 171, 178). He figured the crane operator knew what he was doing. (Record p. 178). He had to hold the pipe and could not watch the wires. (Record p. 214). We are unable to say as a matter of law that Brown exposed himself to dangers so obvious, imminent, and glaring that no reasonable man exercising due care for his safety would have hazarded them. *See Stallings v. Dick* (1965) 139 Ind.App. 118, 210 N.E.2d 82, 86. Nor, can we say that Brown's knowledge and appreciation of the danger equalled or surpassed that of NIPSCO who installed and maintained the lines over a construction yard where heavy equipment, including cranes was operated.

We hold that the question of Brown's awareness of the lines and appreciation of the hazard to himself is particularly fact sensitive and whether he acted as a prudent, reasonable man would have acted under the circumstances is a question best left to a jury.

We reverse the trial court's grant of summary judgment in favor of NIPSCO and remand for trial.

GARRARD and CONOVER (by designation), JJ., concur.