William FROST and Marcia Frost, Appellants (Defendants Below),

v.

Susan PHENIX and Bruce D. Phenix, Appellees (Plaintiffs Below).

No. 11A01–8810–CV–346.

Court of Appeals of Indiana, First District.

June 6, 1989.

---

Peter G. Tamulonis, John N. Thompson, Jennifer Staton Stoesz, Kightlinger & Gray, Indianapolis, for appellants.

William G. Brown, Brown & Somheil, Brazil, for appellees.

ROBERTSON, Judge.

Appellant-defendants William and Marcia Frost (Frosts) bring this appeal after the trial court granted appellee-plaintiffs Bruce and Susan Phenixes' (Phenixes) motion to correct error following summary judgment in the Frosts' favor.

We affirm.

The evidence favorable to the Phenixes (non-movants on the summary judgment motion) shows that Susan was injured when she fell through a portion of the wood porch floor she was walking on as she returned to her apartment. The deposition testimony established that the Phenixes had leased the upper apartment in a house which was divided into three apartment units. Another tenant occupied one of the lower apartments. There was no written lease agreement; the parties orally contracted to lease the apartment from month-to-month, and set a monthly rent. No other terms formed their agreement; thus, it was undisputed that the Frosts had not agreed to repair the leased premises.

In June, 1983, Susan and her family were returning from an outing at Raccoon Lake when Susan ascended the west concrete steps leading to the porch to follow Bruce into the house. As she placed her left foot on the wood floor, the wood collapsed, and her leg went through the hole, throwing her forward. She caught her fall with her elbow, sustaining injuries to her elbow and leg.

The porch, which faced the front of the house on the west, was large, extending around the sides of the house. There were two sets of steps leading up to the wood floor of the porch. One set was on the south side; the main set of steps, three or four in number, were on the west side. These steps were made of concrete.

Prior to her fall, Susan had noticed that a portion of the cement steps appeared to have crumbled. The wood floor creaked in places. There was a small hole to the left of the hole created by Susan's fall, which was present when the Phenixes moved in.

One or two weeks before Susan's fall, Bruce stepped through a portion of the

porch floor, with the wood only partially collapsing. He was not injured. Neither Susan nor Bruce reported Bruce's mishap to the Frosts.

The area Susan fell through seemed strong to the Phenixes because it was just above the cement steps. Although the Phenixes avoided the holes in the porch, they did not consider the porch hazardous, and had not observed signs of rotting or decayed wood in the area Susan fell. They never complained to Frosts about the condition of the porch.

In the summer of 1983, Frosts hired Mr. Odom, a carpenter, to perform general repair work. He was making repairs to the concrete steps and to the floor of the porch on the south side, in an area that had decayed due to standing water from a leaky, deteriorated gutter. Odom had not completed the work when the accident occurred. It was undisputed that tenants had to traverse the porch in order to get to the entryway leading to their apartments.

This case presents three issues: 1) whether Frosts owed any duty to Phenixes; 2) whether there is a genuine issue of material fact respecting whether Frosts breached a duty of care; and 3) whether there is a genuine issue of material fact respecting whether Susan Phenix was contributorily negligent. We will discuss all the issues in one section.

■ On appeal from a denial of summary judgment, this court applies the same standard of review as does the trial court. *Matter of Estate of Belanger* (1982), Ind. App., 483 N.E.2d 39, 42, *trans. denied.* We look to determine whether any genuine issue of material fact exists and whether the law was correctly applied. *Smith v. P and B Corp.* (1979), 179 Ind.App. 693, 695, 386 N.E.2d 1232, 1234, *trans. denied.* In determining whether a genuine issue of material fact exists, we accept as true all facts set forth by the non-moving party and resolve all doubts against the movant. *Barnd v. Borst* (1982), Ind.App., 431 N.E. 2d 161, 165, *trans. denied.* Only where there is no dispute as to the material facts or the inferences to be drawn therefrom, and the moving party is entitled to summary judgment as a matter of law, may the court grant such a motion.

■ In order for a lessee to recover on a theory of negligence, he must show a duty on the part of the lessor and a breach of that duty. *Zimmerman v. Moore* (1982), Ind.App., 441 N.E.2d 690. The basis of Frosts' summary judgment motion was that they owed no duty to Phenixes because they had not expressly agreed to repair the premises, and because they were without knowledge of the latent defects.

Caselaw supports Frosts' theory that a landlord is not liable where he is without knowledge of a latent defect, and is not liable for a tenant's personal injuries stemming from defective premises unless he expressly agrees to repair and is negligent in doing so. *Id.; Stover v. Fechtman* (1966), 140 Ind.App. 62, 222 N.E.2d 281. However, this is the rule when the landlord leases the entire premises to the tenant, such as a single-family residence, and the injury occurs on the demised premises. *Id.*

■ The rule pertaining to the duty of the landlord with respect to common areas is stated thus: the landlord has a duty of reasonable care that the common ways and areas are maintained in a reasonably fit and safe condition. *LaPlante v. LaZear* (1903), 31 Ind.App. 433, 68 N.E. 312; *Coleman v. DeMoss* (1969), 144 Ind.App. 408, 246 N.E.2d 483; *Rossow v. Jones* (1980), Ind.App., 404 N.E.2d 12. This general rule requiring the landlord to maintain common areas (those areas which the tenants are permitted to use, but do not occupy), is also stated in Prosser and Keeton:

> [The lessor] is therefore under an affirmative obligation to exercise reasonable care to inspect and repair such parts of the premises for the protection of the lessee ... The obligation is one of reasonable care only, and the lessor is not liable where no injury to anyone was reasonably to be anticipated or the condition was not discoverable by reasonable inspection, unless it is shown to have been of such duration as to permit the conclusion that due care would have discovered it.

W. Prosser and W. Keeton, *The Law on Torts*, § 63 at 441–442, (5th ed. 1984).

The evidence in favor of Phenixes showed that the porch was used by all tenants to enter the apartments, and that another tenant occupied one of the lower apartments. Frosts hired a carpenter to make repairs on certain areas of the porch. This evidence raises a genuine issue of material fact regarding whether the porch was a common area. The law imposes a legal duty on the Frosts to exercise reasonable care to inspect and repair common areas for the benefit of Phenixes. Therefore, the trial court did not err in ultimately denying Frosts' motion for summary judgment on the issue of duty.

The evidence also raises genuine issues of material fact about whether Frosts breached a duty to Phenixes. Frosts, who lived in Illinois, had owned the house about a year and a half, and had purchased it as a duplex. They had relied on a relative to handle leasing arrangements for them. Frosts had visited the property about one week before Phenixes moved in. Several weeks before the accident, William Frost left a notice of delinquent rent on the door of the Phenix apartment. Frost testified that at that time, he did not observe any damage or holes on the front porch. Frosts had hired Odom in the spring to make repairs to the south steps caused by water, a problem Frosts had observed at the time they purchased the house. From this state of the record, we may conclude there is a genuine issue of material fact about whether Frosts' conduct fell below the appropriate standard of care.

Likewise, Susan's contributory negligence may not be resolved as a matter of law. Contributory negligence is generally a question of fact for the jury. *Brown v. Northern Indiana Public Service Co.* (1986), Ind.App., 496 N.E.2d 794. The theory should not be found as a matter of law unless the facts are undisputed and only a single inference can be drawn therefrom. *Id.*

Frosts point to the evidence that Susan knew of other weak spots in the porch to support their contention that they are enti-

tled to summary judgment. More specifically, they argue that Susan's knowledge of the weak areas of the porch was equal or superior to that of the Frosts, so that Susan is contributorily negligent as a matter of law, citing *Brown v. Northern Indiana Public Service Co., supra,* and *Meadowlark Farms, Inc. v. Warken* (1978), 176 Ind.App. 437, 376 N.E.2d 122.

Contributory negligence is the failure of a person to exercise for his own safety that degree of care and caution which an ordinary, reasonable and prudent person in a similar situation would exercise. *Brown, supra* at 798. While we acknowledge the rule that a plaintiff's equal or superior knowledge of a hazard will make him contributorily negligent as a matter of law, we believe that here, the question of contributory negligence must be resolved by the factfinder. *See Brown, supra; Meadowlark Farms, supra.* (acknowledging rule but issue of contributory negligence left to jury). A number of considerations compel this conclusion.

We note that in those early cases adopting the rule that equal or superior knowledge indicates contributory negligence as a matter of law, the court was compelled to conclude that, from the evidence, it was impossible to say that the defendant's negligence was operative at the time of the injury without also concluding, as a matter of law, that the plaintiff was guilty of contributory negligence. *Stallings v. Dick* (1965), 139 Ind.App. 118, 210 N.E.2d 82. In *Stallings,* the plaintiff had perched himself on the rear bumper of a car operated by one defendant, and which was being pushed from behind by a truck driven by another defendant. As the vehicles moved, the plaintiff lost his balance and was struck by the truck. Similar facts were presented in *Hedgecock v. Orlosky* (1942), 220 Ind. 390, 44 N.E.2d 93. In *Hunsberger v. Wyman* (1966), 247 Ind. 369, 216 N.E.2d 345, employer and employee were attempting to cut the frame from a truck, and the employee was injured after he, on his own initiative, used an axe to free the frame from the truck. There the court reasoned, since the parties had equal knowledge of

the dangers, "the deduction that both were negligent or that neither was, is unavoidable." *Id.* at 349.

In the foregoing cases, the respective knowledge that the parties possessed of the hazard sprang from their joint participation in the hazardous enterprise. There was an identity of circumstances bearing on the parties' lack of due care. There is no identity of circumstances in the instant case. Facts which might support an inference of the Frosts' negligence may not support an inference of Susan's negligence, and vice versa. *See Dreibelbis v. Bennett* (1974), 162 Ind.App. 414, 319 N.E.2d 634, 639 (limiting the rule on the same grounds).

A jury could reasonably determine that from the evidence, it may not infer from Susan's knowledge of weaknesses elsewhere on the porch, that she knew the area she walked on and eventually fell through was weak or hazardous. Also, a reasonable jury could find that Susan did not fail to exercise reasonable care for her own safety under the circumstances because she had to traverse the porch in order to enter her apartment. Moreover, there was evidence that showed she regularly took care to avoid the "danger areas" identified by marked deterioration. Because an activity or conduct is dangerous does not as a matter of law legally result in the conclusion that such conduct or activity was negligent. *Meadowlark Farms, supra* 376 N.E.2d at 131.

We decline to find Susan was contributorily negligent as a matter of law. Instead, we find the evidence presents genuine issues of material fact necessitating a trial.

Judgment affirmed.

NEAL, J., concurs.

SULLIVAN, J., concurs in result.