**NN INVESTORS LIFE INSURANCE COMPANY, INC., an Iowa Corporation, Appellant–Plaintiff Below,**

**v.**

**Lucille CROSSLEY, Donald Lee Finch, St. Mary Medical Center, University Neurosurgeons, Northwestern Memorial Hospital, Northwestern Medical Faculty Foundation, Inc., Nucleopath, Inc., Rehabilitation Institute of Chicago, Northwest Anesthesia, Inc., the Methodist Hospital of Gary, Inc., St. Catherine Hospital of East Chicago, Indiana, Inc., Paul R. Meyer, Jr., M.D., O.H. Lee–Johnson, M.D., and Robert M. Vanecko, M.D., Appellees–Defendants Below.**

**No. 45A03–9103–CV–82.**

Court of Appeals of Indiana, Third District.

Oct. 29, 1991.

J. Robert Geiman, David J. Novotny, Douglas J. Varga, Peterson & Ross, Chicago, Ill., Randall J. Nye, Beckman, Kelly & Smith, Hammond, for appellant-plaintiff.

R. Lawrence Steele, Jill M. Madajczyk, Hodges, Davis, Gruenberg Compton & Sayers, P.C., Merrillville, for appellees-defendants.

STATON, Judge.

NN Investors brings this interlocutory appeal of the denial of its motion for sum-

mary judgment, raising two issues for our review:

I. Whether a health care provider is a third-party beneficiary of an insurance contract such that it may recover benefits under the contract even after the policy has been rescinded by the insurer due to the insured's material misrepresentation.

II. Whether a health care provider may assert a counterclaim based upon the theory of estoppel to recover fees under an insurance policy for services rendered to an insured.

We reverse.

On February 19, 1983, Lucille Crossley applied for a policy of group catastrophic health insurance from NN Investors ("NN"). The policy provided coverage for Crossley and her eligible dependents, including her husband, Donald Lee Finch. In August of 1983, Crossley shot Finch, rendering him a quadriplegic. As a result, Finch received treatment at numerous health care facilities, including The Methodist Hospital of Gary, Inc. ("Methodist").

At some time after Finch's injury, NN discovered that Crossley had materially misrepresented medical information on the insurance application. NN filed this action seeking rescission of the policy. It named Crossley, Finch and a number of medical providers (including Methodist) in its complaint.

On March 2, 1989, the trial court granted NN's motion for summary judgment finding that Crossley had made material misrepresentations, rendering the policy voidable. The order sought only to adjudicate the allegations relating to Crossley and Finch contained in the complaint, and expressly left open the issues relating to the remaining defendants. After it was granted summary judgment, NN filed a motion for summary judgment on the counterclaims of Methodist, Northwestern Memorial Hospital, Rehabilitation Institute of Chicago, and St. Catherine Hospital of East Chicago, Indiana, Inc. The motion was denied, and NN brought this interlocutory appeal. Judgment was later granted in favor of NN and against Northwestern Memorial Hospital and Rehabilitation Institute of Chicago. St. Catherine Hospital of East Chicago, Indiana, Inc. has not responded to NN's brief. Thus, Methodist is the only defendant who has actively contested NN's allegations on appeal.

On appeal from a denial of summary judgment, we apply the same standard as applied by the trial court. *Frost v. Phenix* (1989), Ind.App., 539 N.E.2d 45, 47. We must determine whether there is any issue of material fact and whether the trial court correctly applied the law. *Id.* We view the facts in the light most favorable to the non-moving party and resolve all doubts against the movant. *Id.* Summary judgment is appropriate only where there is no dispute as to any material fact and the moving party is entitled to summary judgment as a matter of law. *Id.*

I.

*Third–Party Beneficiary*

NN argues that Methodist, as an assignee of rights under the contract, is not entitled to recover under the contract, as the trial court has determined that its assignors, Crossley and Finch, have no rights under the contract due to Crossley's material misrepresentations on the insurance application. It relies upon the general rule that an assignee has no greater rights than the assignor. *See, e.g., Carrier Agency v. Top Quality Bldg. Prod.* (1988), Ind. App., 519 N.E.2d 739, 743, *transfer denied.* While not quarrelling with the validity of that rule, Methodist argues that independent of its rights as an assignee, it was a third-party beneficiary to the insurance contract. Thus, it cites the rule that once a third-party beneficiary has accepted the benefits of a contract, the contract may not be rescinded, revoked or modified to the detriment of the third-party beneficiary. *See, e.g., American Underwriters Group v. Williamson* (1986), Ind.App., 496 N.E.2d 807, 811. The issue becomes whether Methodist was a third-party beneficiary of the insurance contract.

We outlined the law on third-party beneficiaries in *Mogensen v. Martz* (1982), Ind. App., 441 N.E.2d 34:

> Third party beneficiaries may directly enforce a contract in Indiana. A third party beneficiary contract requires first, that the intent to benefit the third party be clear, second, that the contract impose a duty on one of the contracting parties in favor of the third party, and third, that the performance of the terms necessarily render to the third party a direct benefit intended by the parties to the contract.

*Id.* at 35 (citations omitted).

Methodist's argument must fail. Methodist argues that since it received an assignment from Finch, and the proceeds from the insurance would be paid to it, it has received a direct benefit from the performance of the contract. However, the contract provides: "All benefits are payable to the Insured Individual." Record, p. 104. Thus, Methodist does not receive an intended direct benefit from the policy; its benefit is merely incidental through assignment. Performance of the contract requires NN to pay the insured. Methodist only has the right to receive payment from NN if it is assigned that right by the insured. The contract provisions are unambiguous—Methodist is not a third-party beneficiary of the insurance contract.

Our decision is supported by caselaw from other jurisdictions. In *Zweig, M.D. v. Metropolitan Life Insur. Co.* (1972), N.Y.Civ.Ct., 73 Misc.2d 93, 340 N.Y.S.2d 817, a physician who treated the insured sued the insurer to recover fees under a third-party beneficiary theory. The court held that the physician was not a third-party beneficiary because the insurance contract demonstrated no intent to benefit the physician where benefits were to be paid to the insured under the terms of the policy. The court characterized the physician as an "incidental beneficiary" and dismissed his complaint. *See also Hermann Hosp. v. Liberty Life Assur. Co.* (1985), Tex.App., 696 S.W.2d 37, *writ ref'd n.r.e.*

The trial court erred in denying NN's motion for summary judgment on Methodist's counterclaim.

## II.

### *Estoppel*

NN's second assignment of error is the denial of its motion for summary judgment with respect to the counterclaim of Rehabilitation Institute of Chicago, which was based upon the theory of estoppel. As we stated earlier, judgment has been rendered in favor of NN and against Rehabilitation Institute. Thus, this issue is moot.

The parties, however, redirect their arguments toward the affirmative defense of estoppel raised by Methodist in its answer. NN's motion for summary judgment was directed solely at the *counterclaims* of the various defendants; its interlocutory appeal here is limited to issues raised by that motion for summary judgment.

■ Further, the order of summary judgment determining that the insurance policy was voidable related only to Crossley and Finch. It did not seek to adjudicate the rights of the other defendants on the primary claim.[1] Thus, it appears that Methodist's estoppel defense is still alive and has not been subject to a final, or any other, judgment. We may only consider issues which are the subject of final judgments or final appealable orders. Indiana Rules of Procedure, Appellate Rule 4. Accordingly, we decline to address the estoppel issue.

---

1. NN argues that the trial court's order "extinguished" the estoppel defense. The tenor of the order indicates that it was limited to the defendants Crossley and Finch, and that the affirmative defenses raised by the remaining defendants were to remain at issue. The statements of the trial judge found in the record support this reading. Record, p. 445. Interestingly, in its motion for entry of judgment, NN observed that the judgment granted to NN on its first motion for summary judgment was limited to the issue of whether there were material misrepresentations in the application for insurance. Counsel then stated, "Said issue is distinct from the 'estoppel' issue raised by the remaining defendants in both their answers and counterclaims." Record, p. 23.

In accordance with the foregoing, we reverse the denial of summary judgment on the defendant health care providers' counterclaims, and remand for the entry of summary judgment in favor of NN on those claims.

HOFFMAN and BUCHANAN, JJ., concur.