# FOR PUBLICATION

ATTORNEYS FOR APPELLANT:

**MARK D. GERTH**
**NICHOLAS W. LEVI**
**THOMAS J. JARZYNIECKI**
Kightlinger & Gray, LLP
Indianapolis, Indiana

ATTORNEY FOR APPELLEE:

**JOHN P. DALY, JR.**
Golitko & Daly PC
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| FSF PRESIDENTIAL ESTATES, ASSOCIATES, LLC, individually and d/b/a PRESIDENTIAL ESTATES APARTMENTS and INDIANAPOLIS POWER & LIGHT | ) ) ) ) ) | |
| Appellants-Defendants, | ) ) | |
| vs. | ) ) | No. 49A05-1305-CT-209 |
| JOSHUA GROUNDS, | ) ) | |
| Appellee-Plaintiff. | ) ) ) | |
| FLEENER ROOFING & GUTTERING, LLC, | ) ) | |
| Intervening Defendant | ) | |

FILED

*Kevin S. Smith*

CLERK
of the supreme court,
court of appeals and
tax court

APPEAL FROM THE MARION SUPERIOR COURT
The Honorable David J. Dreyer, Judge
Cause No. 49D10-0909-CT-42545

**October 17, 2013**

**OPINION–FOR PUBLICATION**

**BAKER, Judge**

In this case, this Court has been fortunate that counsel from both sides have shown such able advocacy and, when appropriate, vehemently argued or defended their respected positions and highlighted the designated facts in support of those positions. But such vehement advocacy also demonstrates why the trial court was correct in denying summary judgment in this case – there are genuine issues of material fact that need to be determined by the fact-finder, namely, whether a duty existed.

What is undisputed is that appellee-plaintiff Joshua Grounds, an outdoor maintenance worker, was replacing the gutters on two apartment buildings in Indianapolis. Grounds finished working on the first building without incident, but while working on the second apartment building, Grounds's ladder came into contact with some power lines, resulting in serious electrical injury. Grounds filed a complaint alleging negligence against appellants-defendants Presidential Estates Apartments and Indianapolis Power and Light (IPL) (collectively, "the Appellants"). Grounds and the Appellants filed motions for summary judgment which were subsequently denied. This interlocutory appeal now ensues.

FACTS

Presidential Estates operates an apartment complex in Indianapolis. In May 2009, Fleener Roofing, who employed Grounds, was hired to do replacement work on the gutters of two of the buildings located in the complex, including replacing the soffit,

2

gutter boards, and gutters. Besides Shane Fleener, the owner, and Grounds, there was one other employee.

On May 4, 2009, Fleener and his crew completed the work on the first building during the morning and before breaking for lunch, Fleener and his employees evaluated the second building to gauge the amount of work that needed to be done. Fleener stated in a deposition that his crew knew that fiberglass ladders had to be used because they were aware that there were power lines in close proximity as shown below.

 

After lunch, Fleener and his employees started working on the second building. After repairing the soffit, they prepared to hang the new gutters. Grounds began moving a twenty-four foot aluminum ladder approximately four feet so that they could begin hanging gutters. As Grounds was moving the ladder, it came into contact with an overhead power line, and he was injured. Grounds had no memory of the incident. The line with which Grounds's ladder came into contact with was the primary line servicing the apartment complex and it carried 13.8 kilovolts (phase to phase) and 7.97 (phase to ground) of electricity before being lowered at a transformer to a consumption voltage.

3

The power line in question was owned and operated by IPL to provide electrical service to the Presidential Estates Apartment Complex. IPL was neither informed that Fleener Roofing was going to be working near the power lines that day nor did anyone request that IPL de-energize its power lines that day.

On September 15, 2009, Grounds filed suit against Presidential Estates and IPL to recover the damages that he incurred from being electrocuted. On September 12, 2012, Presidential Estates and IPL filed motions for summary judgment. On December 14, 2012, Grounds filed a cross-motion for partial summary judgment on the issue of duty.

On March 13, 2013, the trial court entered an order granting the motion for summary judgment filed by Presidential Estates but denying the motion for summary judgment filed by IPL and the cross-motion for partial summary judgment filed by Grounds. On March 25, 2013, IPL filed a motion to certify for interlocutory appeal the trial court's order denying summary judgment. On April 17, 2013, the trial court granted IPL's motion and certified its order for interlocutory appeal.

On May 8, 2013, IPL filed its amended motion requesting this Court to accept jurisdiction over the permissive interlocutory appeal. On June 7, 2013, this Court granted IPL's amended motion and accepted jurisdiction over this appeal pursuant to Appellate Rule 14(B). This interlocutory appeal now ensues.

4

DISCUSSION AND DECISION[1]

IPL argues that the trial court erred by holding that there was a question of fact regarding whether IPL owed a duty to Grounds because, according to IPL, its designated evidence established that its power lines were not accessible to the general public and that Grounds was not regularly exposed to the power lines because he was part of a work crew performing repairs.

Summary judgment is appropriate when there are no genuine issues of material fact and the moving party is entitled to judgment as a matter of law. Ind. Ins. Co. v. Am. Cmty. Servs. Inc., 718 N.E.2d 1147, 1152 (Ind. Ct. App. 1999). We review a trial court's grant or denial of a motion for summary judgment de novo. Williams v. Tharp, 914 N.E.2d 756, 761 (Ind. 2009).

Grounds's claim sounds in negligence. To prevail on a negligence claim, a plaintiff must show (1) a duty owed by the defendant to the plaintiff; (2) a breach of that duty; and (3) injury to the plaintiff that was proximately caused by the defendant's breach of the duty. Williams v. Cingular Wireless, 809 N.E.2d 473, 476 (Ind. Ct. App. 2004). Because Grounds's claim is for negligence, summary judgment must be carefully considered because such cases are particularly fact sensitive and are governed by the objective reasonable person standard, which is best applied by the jury after hearing all

---

[1] We note that we found numerous mistakes in appellant's citation to caselaw. Many citations were not to the cases to which the appellant intended to cite and at least one other did not support the appellant's contention. Moreover, there were numerous missing pinpoint citations. We caution counsel to be more meticulous in the future.

the evidence.  Cox v. N. Ind. Pub. Serv. Co. Inc., 848 N.E.2d 690, 696 (Ind. Ct. App. 2006).

Duty exists according to the relationship of the parties, reasonable foreseeability of harm, and public policy.  Webb v. Jarvis, 575 N.E.2d 992, 995 (1991).  While the issue of duty is generally a question of law, factual determinations such as whether a relationship existed between the parties may be interwoven, making the ultimate determination of whether a duty existed a mixed question of law and fact.  Helmchen v. White Hen Pantry, 685 N.E.2d 180, 181 (Ind. Ct. App. 1997).

In Brown v. Northern Indiana Public Service Co., (NIPSCO), a construction laborer was injured when, while working in a construction yard, the crane that he was operating came in contact with an uninsulated high voltage wire running over the construction yard.  496 N.E.2d 794, 795 (Ind. Ct. App. 1986).  Brown filed a complaint alleging that NIPSCO was negligent for placing the power lines at an unsafe height, which did not allow for the safe operation of the crane.  Id.

On the issue of duty, the Brown Panel recognized the general rule that "insulation is not required when the lines are sufficiently isolated so that the general public could not reasonably be anticipated to be dangerously close to the lines."  Id. at 797.  The panel also recognized that an electric utility is not required to insulate to protect only those individuals who might come in contact with power lines during the course of their employment.  Id.  Nevertheless, an exception is made when the utility knows or has

6

knowledge of facts that a particular segment of the population will be regularly exposed to uninsulated wires for whatever reasons. Id.

Here, the property at issue is an apartment complex, which will require frequent maintenance and, consequently, various maintenance personnel will frequently be on the premises. Additionally, William Wentworth, an expert from IPL, conceded that the power lines were too close and too low to satisfy the National Electrical Safety Code. Appellant's App. p. 147-48. Indeed, from the photographs, it appears that the power lines were quite low. Appellant's App. p. 209-210 (exhibits from William Wentworth's deposition as shown in the FACTS). In light of these facts, we cannot say that the trial court erred by denying IPL's motion for summary judgment, and we affirm the judgment of the trial court. Compare Spudich v. N. Ind. Public Serv. Co., 745 N.E.2d 281, 292 (2001) (finding that NIPSCO owed no duty where its designated evidence showed that its power lines were elevated forty feet and that the plaintiff was not in regular contact with the lines, but worked only once a year in the vicinity of the power lines to hang Christmas lights for his employer).

The judgment of the trial court is affirmed.

FRIEDLANDER, J., and VAIDIK, J., concur.